ORDERED.

**Dated:  April 26, 2021**

_Catherine M°Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                                                          Case No. 8:20-bk-06029-CPM
                                                                                                     Chapter 7
Donald Haugh Smith, II
Stephanie Ann Smith

    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR
AUTHORITY TO SELL REAL PROPERTY**
(Property: 7708 Country Place, Winter Park, FL  32792)

THIS CASE came on for hearing on April 26, 2021 at 1:30 p.m., to consider the Chapter 7 Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lenders ("Motion"), pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 34.  Appearances by the Chapter 7 Trustee counsel for US Bank Home Mortgage.  The Court has reviewed the Motion and heard from the parties.  For the reasons stated orally and recorded in open Court, which will constitute the findings of this Court, it is appropriate to grant the Motion.  Accordingly, it is

    **ORDERED:**

    1.    The Motion to Sell Real Property is GRANTED.

1

2. The Trustee is authorized to sell the estate's interest in the real property located at:

UNIT 7, BUILDING A, OF GOLDENROD VILLAS CONDOMINIUM, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN OFFICIAL RECORDS BOOK 1409, PAGE(S) 994, AND ALL SUBSEQENT AMENDMENTS THERETO, TOGETHER WITH ITS UNDIVIDED SHARE IN THE COMMON ELEMENTS, IN THE PUBLIC RECORDS OF SEMINOLE COUNTY, FLORIDA

to the Buyer, Jose Ghersy and Diana Alfonso for the purchase price of $160,000.00, and in accordance with the terms and conditions set forth in the ALTA Settlement Statement, made a part of the Motion.

3. The Trustee is authorized to pay costs and expenses of sale as set forth in the Settlement Statement.

4. Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale of the real property will vest in the Buyer all right, title and interest of the Debtors and the bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5. The Buyer has not assumed any liabilities of the Debtors.

6. The Trustee is authorized to execute all documents and instruments reasonable and necessary to close the sale.

7. The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as required by the purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and (b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/ Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate

Brokers Commission of 6%, a carve-out to the Bankruptcy Estate and any other miscellaneous costs of closing.

8. The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

9. The Trustee shall close the sale and distribute the funds due to the secured creditor no later than June 9, 2021.

10. The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.